**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

| | |
|---|---|
| LEONARDI MANUFACTURING CO., | Case No.: |
| | Hon. |
| Plaintiff, | Mag. |
| v. | |
| BAY ENGINEERING, INC. d/b/a STUMPER INDUSTRIES and BAY ELECTRIC, INC., | |
| Defendants. | |

_____/

**COMPLAINT FOR PATENT INFRINGEMENT**
**AND DEMAND FOR JURY TRIAL**

Plaintiff Leonardi Manufacturing Co. ("Leonardi") for its Complaint against Bay Engineering, Inc. d/b/a Stumper Industries ("Stumper") and Bay Electric, Inc. ("Bay Electric"), hereinafter jointly referred to as "Defendants", states as follows:

**NATURE OF THE ACTION**

1.      This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*. including 35 U.S.C. § 271, which gives rise to the remedies specified under 35 U.S.C. §§ 281 and 283-285.

**THE PARTIES**

2.      Plaintiff Leonardi is a corporation organized and existing under the laws of New York with a principal place of business at 2728 Erie Drive, Weedsport, New York 13166.

3.      On information and belief, Defendant Bay Engineering, Inc. is a corporation

organized and existing under the laws of Michigan with its principal place of business at 51692 Industrial Drive, Calumet, Michigan 49913.

4.      On information and belief, Defendant Bay Electric, Inc. is a corporation organized and existing under the laws of the state of Michigan with its principal place of business at 48643 Banfield Avenue, Dollar Bay, Michigan 49922.

## JURISDICTION AND VENUE

5.      This Court has subject-matter jurisdiction over this patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338.

6.      This Court has personal jurisdiction over the Defendants, on information and belief, for at least the following reasons: (i) Defendants have committed acts of patent infringement in this District; (ii) Defendants regularly conduct business, solicit business, and/or derive substantial revenue from products provided within this District, including products that infringe Leonardi's patented technology; (iii) Defendant, Stumper has a place of business within this District, at 51692 Industrial Drive, Calumet, Michigan 49913; and (iv) Defendant, Bay Electric has a place of business within this District, at 48643 Banfield Avenue, Dollar Bay, Michigan 49922.

7.      Venue properly lies in this District. Pursuant to 28 U.S.C. § 1400(b), on information and belief, Defendants Stumper and Bay Electric reside in this District.

## THE PATENT-IN-SUIT

8.      Plaintiff Leonardi is leader in manufacturing of metal-based solutions for a variety of products and industries with recognized expertise in the design, development, manufacture, and application of stump grinding equipment and accessories.

03301495 v1

9.      To protect its intellectual property resulting from its significant investments, Plaintiff Leonardi applied for and obtained a Stump Grinding Wheel technology related patent, U.S. Patent No. 6,550,504 B1.

10.     U.S. Patent 6,550,504 B1 ("the '504 Patent"), titled "Stump Grinding Wheel," was duly and legally issued by the United States Patent and Trademark Office on April 22, 2003, and names Joseph A. Leonardi and Bruce C. Jordan as the inventors. Plaintiff Leonardi is the assignee and owner of all rights, title, and interests in and to the '504 Patent, a true and correct copy of which is attached hereto as **Exhibit 1**.

<u>**COUNT ONE**</u>

<u>**DIRECT INFRINGEMENT OF U.S. PATENT NO. 6,550,504**</u>

10.     Plaintiff Leonardi incorporates by reference the allegations in paragraphs 1-9 as if fully set forth herein.

11.     On information and belief, Defendants have infringed and are infringing claims of the '504 Patent, including at least claims 1, 2, 4, 5, 6, and 7, in violation of 35 U.S.C. § 271(a) by making, using, offering for sale, selling, and/or importing infringing products.

12.     On information and belief, Defendants have directly infringed and are directly infringing at least claims 1, 2, 4, 5, 6, and 7 of the '504 Patent by making, using, offering for sale, selling, and/or importing at least the Stumper 220 stump grinding technology ("220 Grinder,") Stumper 240 stump grinding technology ("240 Grinder,") Stumper 280 stump grinding technology ("280 Grinder,") and Stumper 360 stump grinding technology ("360 Grinder,") referred to generally as "Infringing Products," in this District and elsewhere in the United States.

13.     Plaintiff, Leonardi did not give Defendants authorization or license to make, use,

offer to sell, or sell the Infringing Products.

14.    On information and belief, Defendants continue to update and maintain its website and Facebook page located at https://gostumper.com and https://www.facebook.com/gostumper/ respectively.

15.    A listing of the Infringing Products is provided on the Defendant's website at https://gostumper.com/all-products.

<u>**Infringing 220 Stump Grinding Technology**</u>

16.    The    following    schematic    is    from    Defendant's    website    at https://gostumper.com/all-products and the following digital image is from the Defendant's Facebook page. Upon information and belief, both the schematic and image are representative of a 220 Grinder, and are used to show the elements of the asserted claims herein. The Defendants also have a video of the 220 Grinder in use on their website at https://gostumper.com/stumper-220, screenshots from which are used to show the elements of the asserted claims herein. Upon information and belief, the 220 Grinder includes all of the features discussed herein as meeting the elements of the asserted claims.




17.    Claim 1 of the '504 Patent recites:

A stump grinding wheel of the type that is coupled to a stump grinding apparatus for rotation at a predetermined rate of speed and carrying a plurality of stump grinding teeth thereon,

 said stump grinding wheel comprising first and second opposing surfaces having a first hole formed centrally therethrough,

a plurality of second holes formed through said first and second surfaces, each of said plurality of second holes partially defining the means for carrying the stump grinding teeth, and

a plurality of third holes formed through said first and second surfaces, each of said plurality of third holes extending in circumferentially spaced relation to the others, whereby said plurality of third holes define a viewing window when the stump grinding wheel is rotated at a predetermined rate of speed.

18.    On information and belief, Defendants have directly infringed and are directly infringing claim 1 of the '504 Patent by making, using, offering for sale, selling, and/or importing the 220 Grinder in this District and elsewhere in the United States.

19.    On information and belief, the 220 Grinder includes a stump grinding wheel of the type that is coupled to a stump grinding apparatus for rotation at a predetermined rate of speed and carrying a plurality of stump grinding teeth thereon, as shown below:



Stump grinding apparatus

Stump grinding wheel

Plurality of stump grinding teeth

03301495 v1

5



20. On information and belief, the 220 Grinder includes a stump grinding wheel comprising a first and second opposing (facing away from the page) surfaces having a first hole formed centrally therethrough, as shown below:



21.    On information and belief, the 220 Grinder includes a plurality of second holes formed through said first and second surfaces, each of said plurality of second holes partially defining the means for carrying the stump grinding teeth, as shown below:



22.    On information and belief, the 220 Grinder includes a plurality of third holes formed through said first and second surfaces, each of said plurality of third holes extending in circumferentially spaced relation to the others, whereby said plurality of third holes define a viewing window when the stump grinding wheel is rotated at a predetermined rate of speed, as shown below:

03301495 v1



23.    Claim 2 of the '504 Patent recites:

The stump grinding wheel of claim 1, further comprising

an edge that defines the periphery of said wheel.

24.    On information and belief, Defendants have directly infringed and are directly infringing claim 2 of the '504 Patent by making, using, offering for sale, selling, and/or importing, the 220 Grinder in this District and elsewhere in the United States.

25.    In addition to the elements of claim 1 discussed above, on information and belief, the 220 Grinder includes an edge that defines the periphery of said wheel, as shown below.



26.    Claim 4 of the '504 Patent recites:

A stump grinding wheel of the type that is coupled to a stump grinding apparatus for rotation at a predetermined rate of speed and carrying a plurality of stump grinding teeth thereon, said stump grinding wheel comprising:

a. first and second opposing surfaces having a first hole formed centrally therethrough, and a plurality of second holes formed through said first and second surfaces, each of said plurality of second holes partially defining the means for carrying the stump grinding teeth; and

b. means defining a viewing window through said first and second surfaces when said stump grinding wheel is rotated at the predetermined rate of speed.

27.    On information and belief, Defendants have directly infringed and are directly infringing claim 4 of the '504 Patent by making, using, offering to sell, selling, and/or importing, the 220 Grinder in this District and elsewhere in the United States.

28.    As discussed above, on information and belief, the 220 Grinder includes a stump grinding wheel of the type that is coupled to a stump grinding apparatus for rotation at a predetermined rate of speed and carrying a plurality of stump grinding teeth thereon.

29.    As discussed above, on information and belief, the 220 Grinder includes first and second opposing surfaces having a first hole formed centrally therethrough, and a plurality of second holes formed through said first and second surfaces, each of said plurality of second holes partially defining the means for carrying the stump grinding teeth.

30.    On information and belief, the 220 Grinder includes means defining a viewing window through said first and second surfaces when said stump grinding wheel is rotated at the predetermined rate of speed; as shown below:





31.     Claim 5 of the '504 Patent recites:

The stump grinding wheel of claim 4, wherein

said means defining a viewing window comprise at least one third hole formed through said first and second surfaces.

32.     On information and belief, Defendants have directly infringed and are directly infringing claim 5 of the '504 Patent by making, using, offering for sale, selling, and/or importing, the 220 Grinder in this District and elsewhere in the United States.

33.     In addition to the elements of claim 4 discussed above, on information and belief, the 220 Grinder includes a plurality of third holes formed through said first and second surfaces, each of said plurality of third holes extending in circumferentially spaced relation to the others, whereby said plurality of third holes define a viewing window when the stump grinding wheel is rotated at a predetermined rate of speed, as shown below:

03301495 v1





34.     Claim 6 of the '504 Patent recites:

The stump grinding wheel of claim 4, wherein

said means defining a viewing window comprise a plurality of holes formed
through said first and second surfaces, each of said third plurality of holes extending
in circumferentially spaced relation to the others.

35.     On information and belief, Defendants have directly infringed and are directly

infringing claim 6 of the '504 Patent by making, using, offering for sale, selling, and/or importing,

the 220 Grinder in this District and elsewhere in the United States.

36.    In addition to the elements of claim 1 discussed above, on information and belief, the 220 Grinder includes a means defining a viewing window comprising a plurality of holes formed through said first and second surfaces, each of said third plurality of holes extending in circumferentially spaced relation to the others, as shown below:





37.     Claim 7 of the '504 Patent recites:

A method for grinding a stump using a stump grinding unit of the type that includes a stump grinding wheel mounted thereto for rotation about its central axis at predetermined rates of speed and includes a series of openings formed therethrough that extend in circumferentially spaced relation to each other around the wheel and define a viewing window when the wheel is rotated at a predetermined speed, said method comprising the steps of:

a. causing said wheel to rotate about its central axis at a predetermined rate of speed;

b. sweeping said wheel in a back and forth motion across the stump; and

c. viewing the stump as it is being ground through the viewing window created by the series of circumferentially spaced holes.

38.     On information and belief, Defendants have directly infringed and are directly infringing claim 7 of the '504 Patent by making, using, offering for sale, selling, and/or importing, the 220 Grinder in this District and elsewhere in the United States.

39.     On information and belief, the Defendants have and continue to practice a method of using the 220 Grinder mounted to a stump grinding unit for rotation about its central axis at predetermined rates of speed and includes a series of openings formed therethrough that extend in circumferentially spaced relation to each other around the wheel and define a viewing window when the wheel is rotated at a predetermined speed, said method comprising the steps of: a. causing said wheel to rotate about its central axis at a predetermined rate of speed; b. sweeping said wheel in a back and forth motion across the stump; and c. viewing the stump as it is being ground through the viewing window created by the series of circumferentially spaced holes. The Defendant's practice of this method can be seen at https://gostumper.com/stumper-220.



### Infringing 240 Stump Grinding Technology

40.     The     following     schematic     is     from     Defendant's     website     at
https://gostumper.com/all-products and the following image is from the Defendant's Facebook

page. Both the schematic and image are representative of a 240 Grinder, and are used to show the

elements of the asserted claims herein. The Defendants also have a video of the 240 Grinder in use

on their website at https://gostumper.com/stumper-240, screenshots from which are used to show

the elements of the asserted claims herein. Upon information and belief, the 240 Grinder includes

all of the features discussed herein as meeting the elements of the asserted claims.





41.    Claim 1 of the '504 Patent recites:

A stump grinding wheel of the type that is coupled to a stump grinding apparatus for rotation at a predetermined rate of speed and carrying a plurality of stump grinding teeth thereon,

said stump grinding wheel comprising first and second opposing surfaces having a first hole formed centrally therethrough,

a plurality of second holes formed through said first and second surfaces, each of said plurality of second holes partially defining the means for carrying the stump grinding teeth, and

a plurality of third holes formed through said first and second surfaces, each of said plurality of third holes extending in circumferentially spaced relation to the others, whereby said plurality of third holes define a viewing window when the stump grinding wheel is rotated at a predetermined rate of speed.

42.    On information and belief, Defendants have directly infringed and are directly infringing claim 1 of the '504 Patent by making, using, offering for sale, selling, and/or importing the 240 Grinder in this District and elsewhere in the United States.

03301495 v1

16

43.    On information and belief, the 240 Grinder includes a stump grinding wheel of the type that is coupled to a stump grinding apparatus for rotation at a predetermined rate of speed and carrying a plurality of stump grinding teeth thereon, as shown below:



44.    On information and belief, the 240 Grinder includes a stump grinding wheel comprising first and second opposing (facing away from the page) surfaces having a first hole formed centrally therethrough, as shown below:



45.    On information and belief, the 240 Grinder includes a plurality of second holes formed through said first and second surfaces, each of said plurality of second holes partially defining the means for carrying the stump grinding teeth, and, as shown below:



46.    On information and belief, the 240 Grinder includes a plurality of third holes formed through said first and second surfaces, each of said plurality of third holes extending in

03301495 v1

18

circumferentially spaced relation to the others, whereby said plurality of third holes define a viewing window when the stump grinding wheel is rotated at a predetermined rate of speed, as shown below:





47.    Claim 2 of the '504 Patent recites:

The stump grinding wheel of claim 1, further comprising

an edge that defines the periphery of said wheel.

48.    On information and belief, Defendants have directly infringed and are directly infringing claim 2 of the '504 Patent by making, using, offering for sale, selling, and/or importing, the 240 Grinder in this District and elsewhere in the United States.

49.    In addition to the elements of claim 1 discussed above, on information and belief, the 240 Grinder includes an edge that defines the periphery of said wheel, as shown below:



50.    Claim 4 of the '504 Patent recites:

A stump grinding wheel of the type that is coupled to a stump grinding apparatus for rotation at a predetermined rate of speed and carrying a plurality of stump grinding teeth thereon, said stump grinding wheel comprising:

a. first and second opposing surfaces having a first hole formed centrally therethrough, and a plurality of second holes formed through said first and second surfaces, each of said plurality of second holes partially defining the means for carrying the stump grinding teeth; and

b. means defining a viewing window through said first and second surfaces when said stump grinding wheel is rotated at the predetermined rate of speed.

51.    On information and belief, Defendants have directly infringed and are directly infringing claim 4 of the '504 Patent by making, using, offering to sell, selling, and/or importing, the 240 Grinder in this District and elsewhere in the United States.

52.    As discussed above, on information and belief, the 240 Grinder includes a stump grinding wheel of the type that is coupled to a stump grinding apparatus for rotation at a predetermined rate of speed and carrying a plurality of stump grinding teeth thereon.

53.    As discussed above, on information and belief, the 240 Grinder includes first and second opposing surfaces having a first hole formed centrally therethrough, and a plurality of second holes formed through said first and second surfaces, each of said plurality of second holes partially defining the means for carrying the stump grinding teeth.

54.    On information and belief, the 240 Grinder includes means defining a viewing window through said first and second surfaces when said stump grinding wheel is rotated at the predetermined rate of speed; as shown below:





55.     Claim 5 of the '504 Patent recites:

The stump grinding wheel of claim 4, wherein

said means defining a viewing window comprise at least one third hole formed through said first and second surfaces.

56.     On information and belief, Defendants have directly infringed and are directly infringing claim 5 of the '504 Patent by making, using, offering for sale, selling, and/or importing, the 240 Grinder in this District and elsewhere in the United States.

57.     In addition to the elements of claim 4 discussed above, on information and belief, the 240 Grinder includes a plurality of third holes formed through said first and second surfaces, each of said plurality of third holes extending in circumferentially spaced relation to the others, whereby said plurality of third holes define a viewing window when the stump grinding wheel is rotated at a predetermined rate of speed, as shown below:

03301495 v1



Plurality of third holes

452 sq in.



Viewing window

58.    Claim 6 of the '504 Patent recites:

The stump grinding wheel of claim 4, wherein

said means defining a viewing window comprise a plurality of holes formed through said first and second surfaces, each of said third plurality of holes extending in circumferentially spaced relation to the others.

59.    On information and belief, Defendants have directly infringed and are directly infringing claim 6 of the '504 Patent by making, using, offering for sale, selling, and/or importing, the 240 Grinder in this District and elsewhere in the United States.

60.    In addition to the elements of claim 1 discussed above, on information and belief, the 240 Grinder includes a means defining a viewing window comprising a plurality of holes formed through said first and second surfaces, each of said third plurality of holes extending in circumferentially spaced relation to the others, as shown below:





61.    Claim 7 of the '504 Patent recites:

A method for grinding a stump using a stump grinding unit of the type that includes a stump grinding wheel mounted thereto for rotation about its central axis at predetermined rates of speed and includes a series of openings formed therethrough that extend in circumferentially spaced relation to each other around the wheel and define a viewing window when the wheel is rotated at a predetermined speed, said method comprising the steps of:

a. causing said wheel to rotate about its central axis at a predetermined rate of speed;

b. sweeping said wheel in a back and forth motion across the stump; and

c. viewing the stump as it is being ground through the viewing window created by the series of circumferentially spaced holes.

62.    On information and belief, Defendants have directly infringed and are directly infringing claim 7 of the '504 Patent by making, using, offering for sale, selling, and/or importing, the 240 Grinder in this District and elsewhere in the United States.

63.    On information and belief, the Defendants have and continue to practice a method of using the 240 mounted to a stump grinding unit for rotation about its central axis at predetermined rates of speed and includes a series of openings formed therethrough that extend in circumferentially spaced relation to each other around the wheel and define a viewing window when the wheel is rotated at a predetermined speed, said method comprising the steps of: a. causing said wheel to rotate about its central axis at a predetermined rate of speed; b. sweeping said wheel in a back and forth motion across the stump; and c. viewing the stump as it is being ground through the viewing window created by the series of circumferentially spaced holes. The practice of this method can be seen at https://gostumper.com/stumper-240.

03301495 v1

25



**Infringing 280 Stump Grinding Technology**

64.    The    following    schematic    is    from    Defendant's    website    at
https://gostumper.com/all-products and the following image is from the Defendant's Facebook

page. Both the schematic and image are representative of 280 Grinder, and are used to show the

elements of the asserted claims herein. The Defendants also have a video of the 280 Grinder in use

on their website at https://gostumper.com/stumper-280, screenshots from which are used to show

the elements of the asserted claims herein. Upon information and belief, each of the 280 Grinders

includes  all  of  the  features  discussed  herein  as  meeting  the  elements  of  the  asserted  claims.



616 sq in.



65.    Claim 1 of the '504 Patent recites:

A stump grinding wheel of the type that is coupled to a stump grinding apparatus for rotation at a predetermined rate of speed and carrying a plurality of stump grinding teeth thereon,

said stump grinding wheel comprising first and second opposing surfaces having a first hole formed centrally therethrough,

a plurality of second holes formed through said first and second surfaces, each of said plurality of second holes partially defining the means for carrying the stump grinding teeth, and

a plurality of third holes formed through said first and second surfaces, each of said plurality of third holes extending in circumferentially spaced relation to the others, whereby said plurality of third holes define a viewing window when the stump grinding wheel is rotated at a predetermined rate of speed.

66.    On information and belief, Defendants have directly infringed and are directly infringing claim 1 of the '504 Patent by making, using, offering for sale, selling, and/or importing the 280 Grinder in this District and elsewhere in the United States.

67.    On information and belief, the 280 Grinder includes a stump grinding wheel of the type that is coupled to a stump grinding apparatus for rotation at a predetermined rate of speed and carrying a plurality of stump grinding teeth thereon, as shown below:



68.    On information and belief, the 280 Grinder includes a stump grinding wheel comprising first and second opposing (facing away from the page) surfaces having a first hole formed centrally therethrough, as shown below:



.

69.    On information and belief, the 280 Grinder includes a plurality of second holes formed through said first and second surfaces, each of said plurality of second holes partially defining the means for carrying the stump grinding teeth, and, as shown below:



70.     On information and belief, the 280 Grinder includes a plurality of third holes formed through said first and second surfaces, each of said plurality of third holes extending in circumferentially spaced relation to the others, whereby said plurality of third holes define a viewing window when the stump grinding wheel is rotated at a predetermined rate of speed, as shown below:





71.     Claim 2 of the '504 Patent recites:

The stump grinding wheel of claim 1, further comprising

an edge that defines the periphery of said wheel.

72.    On information and belief, Defendants have directly infringed and are directly infringing claim 2 of the '504 Patent by making, using, offering for sale, selling, and/or importing, the 280 Grinder in this District and elsewhere in the United States.

73.    In addition to the elements of claim 1 discussed above, on information and belief, the 280 Grinder includes an edge that defines the periphery of said wheel, as shown below:



74.    Claim 4 of the '504 Patent recites:

A stump grinding wheel of the type that is coupled to a stump grinding apparatus for rotation at a predetermined rate of speed and carrying a plurality of stump grinding teeth thereon, said stump grinding wheel comprising:

a. first and second opposing surfaces having a first hole formed centrally therethrough, and a plurality of second holes formed through said first and second surfaces, each of said plurality of second holes partially defining the means for carrying the stump grinding teeth; and

b. means defining a viewing window through said first and second surfaces when said stump grinding wheel is rotated at the predetermined rate of speed.

75.     On information and belief, Defendants have directly infringed and are directly infringing claim 4 of the '504 Patent by making, using, offering to sell, selling, and/or importing, the 240 Grinder in this District and elsewhere in the United States.

76.     As discussed above, on information and belief, the 280 Grinder includes a stump grinding wheel of the type that is coupled to a stump grinding apparatus for rotation at a predetermined rate of speed and carrying a plurality of stump grinding teeth thereon.

77.     As discussed above, on information and belief, the 280 Grinder includes first and second opposing surfaces having a first hole formed centrally therethrough, and a plurality of second holes formed through said first and second surfaces, each of said plurality of second holes partially defining the means for carrying the stump grinding teeth.

78.     On information and belief, the 280 Grinder includes means defining a viewing window through said first and second surfaces when said stump grinding wheel is rotated at the predetermined rate of speed; as shown below:





79.    Claim 5 of the '504 Patent recites:

The stump grinding wheel of claim 4, wherein

said means defining a viewing window comprise at least one third hole formed through said first and second surfaces.

80.    On information and belief, Defendants have directly infringed and are directly infringing claim 5 of the '504 Patent by making, using, offering for sale, selling, and/or importing, the 280 Grinder in this District and elsewhere in the United States.

81.    In addition to the elements of claim 4 discussed above, on information and belief, the 280 Grinder includes a plurality of third holes formed through said first and second surfaces, each of said plurality of third holes extending in circumferentially spaced relation to the others, whereby said plurality of third holes define a viewing window when the stump grinding wheel is rotated at a predetermined rate of speed, as shown below:

03301495 v1

33



Plurality of third holes

616 sq in.



Viewing window

82.    Claim 6 of the '504 Patent recites:

The stump grinding wheel of claim 4, wherein

said means defining a viewing window comprise a plurality of holes formed through said first and second surfaces, each of said third plurality of holes extending in circumferentially spaced relation to the others.

03301495 v1

34

83.     On information and belief, Defendants have directly infringed and are directly infringing claim 6 of the '504 Patent by making, using, offering for sale, selling, and/or importing, the 280 Grinder in this District and elsewhere in the United States.

84.     In addition to the elements of claim 1 discussed above, on information and belief, the 280 Grinder includes a means defining a viewing window comprising a plurality of holes formed through said first and second surfaces, each of said third plurality of holes extending in circumferentially spaced relation to the others, as shown below:





85.    Claim 7 of the '504 Patent recites:

A method for grinding a stump using a stump grinding unit of the type that includes a stump grinding wheel mounted thereto for rotation about its central axis at predetermined rates of speed and includes a series of openings formed therethrough that extend in circumferentially spaced relation to each other around the wheel and define a viewing window when the wheel is rotated at a predetermined speed, said method comprising the steps of:

a. causing said wheel to rotate about its central axis at a predetermined rate of speed;

b. sweeping said wheel in a back and forth motion across the stump; and

c. viewing the stump as it is being ground through the viewing window created by the series of circumferentially spaced holes.

86.    On information and belief, Defendants have directly infringed and are directly infringing claim 7 of the '504 Patent by making, using, offering for sale, selling, and/or importing, the 280 Grinder in this District and elsewhere in the United States.

03301495 v1

87.    On information and belief, the Defendants have and continue to practice a method of using the 280 mounted to a stump grinding unit for rotation about its central axis at predetermined rates of speed and includes a series of openings formed therethrough that extend in circumferentially spaced relation to each other around the wheel and define a viewing window when the wheel is rotated at a predetermined speed, said method comprising the steps of: a. causing said wheel to rotate about its central axis at a predetermined rate of speed; b. sweeping said wheel in a back and forth motion across the stump; and c. viewing the stump as it is being ground through the viewing window created by the series of circumferentially spaced holes. The practice of this method can be seen at https://gostumper.com/stumper-280.



**Infringing 360 Stump Grinding Technology**

88.    The    following    schematic    is    from    Defendant's    website    at https://gostumper.com/all-products and the following image is from the Defendant's Facebook page. Both the schematic and image are representative of 360 Grinder, and are used to show the

03301495 v1

elements of the asserted claims herein. The Defendants also have a video of the 360 Grinder in use

on their website at https://gostumper.com/stumper-360, screenshots from which are used to show

the elements of the asserted claims herein.  Upon information and belief, each of the 360 Grinders

includes all of the features discussed herein as meeting the elements of the asserted claims.





89.    Claim 1 of the '504 Patent recites:

A stump grinding wheel of the type that is coupled to a stump grinding apparatus
for rotation at a predetermined rate of speed and carrying a plurality of stump
grinding teeth thereon,

 said stump grinding wheel comprising first and second opposing surfaces having
a first hole formed centrally therethrough,

a plurality of second holes formed through said first and second surfaces, each of
said plurality of second holes partially defining the means for carrying the stump
grinding teeth, and

a plurality of third holes formed through said first and second surfaces, each of said
plurality of third holes extending in circumferentially spaced relation to the others,

whereby said plurality of third holes define a viewing window when the stump grinding wheel is rotated at a predetermined rate of speed.

90.    On information and belief, Defendants have directly infringed and are directly infringing claim 1 of the '504 Patent by making, using, offering for sale, selling, and/or importing the 360 Grinder in this District and elsewhere in the United States.

91.    On information and belief, the 360 Grinder includes a stump grinding wheel of the type that is coupled to a stump grinding apparatus for rotation at a predetermined rate of speed and carrying a plurality of stump grinding teeth thereon, as shown below:



92.    On information and belief, the 360 Grinder includes a stump grinding wheel comprising first and second opposing (facing away from the page) surfaces having a first hole formed centrally therethrough, as shown below.

93.    On information and belief, the 360 Grinder includes a plurality of second holes formed through said first and second surfaces, each of said plurality of second holes partially defining the means for carrying the stump grinding teeth, and, as shown below:



94.     On information and belief, the 360 Grinder includes a plurality of third holes formed through said first and second surfaces, each of said plurality of third holes extending in circumferentially spaced relation to the others, whereby said plurality of third holes define a viewing window when the stump grinding wheel is rotated at a predetermined rate of speed, as shown below:

03301495 v1



1018 sq in.

Plurality of third holes



Viewing window

95.    Claim 2 of the '504 Patent recites:

The stump grinding wheel of claim 1, further comprising

an edge that defines the periphery of said wheel.

96.    On information and belief, Defendants have directly infringed and are directly

infringing claim 2 of the '504 Patent by making, using, offering for sale, selling, and/or importing,

the 360 Grinder in this District and elsewhere in the United States.

03301495 v1

97.     In addition to the elements of claim 1 discussed above, on information and belief, the 360 Grinder includes an edge that defines the periphery of said wheel, as shown below:



98.     Claim 4 of the '504 Patent recites:

A stump grinding wheel of the type that is coupled to a stump grinding apparatus for rotation at a predetermined rate of speed and carrying a plurality of stump grinding teeth thereon, said stump grinding wheel comprising:

a. first and second opposing surfaces having a first hole formed centrally therethrough, and a plurality of second holes formed through said first and second surfaces, each of said plurality of second holes partially defining the means for carrying the stump grinding teeth; and

b. means defining a viewing window through said first and second surfaces when said stump grinding wheel is rotated at the predetermined rate of speed.

99.     On information and belief, Defendants have directly infringed and are directly infringing claim 4 of the '504 Patent by making, using, offering to sell, selling, and/or importing, the 360 Grinder in this District and elsewhere in the United States.

100.    As discussed above, on information and belief, the 360 Grinder includes a stump grinding wheel of the type that is coupled to a stump grinding apparatus for rotation at a predetermined rate of speed and carrying a plurality of stump grinding teeth thereon.

101.    As discussed above, on information and belief, the 360 Grinder includes first and second opposing surfaces having a first hole formed centrally therethrough, and a plurality of second holes formed through said first and second surfaces, each of said plurality of second holes partially defining the means for carrying the stump grinding teeth.

102.    On information and belief, the 360 Grinder includes means defining a viewing window through said first and second surfaces when said stump grinding wheel is rotated at the predetermined rate of speed; as below.



Means defining a viewing window

1018 sq in.



Viewing window

103.    Claim 5 of the '504 Patent recites:

The stump grinding wheel of claim 4, wherein

said means defining a viewing window comprise at least one third hole formed through said first and second surfaces.

104.    On information and belief, Defendants have directly infringed and are directly infringing claim 5 of the '504 Patent by making, using, offering for sale, selling, and/or importing, the 360 Grinder in this District and elsewhere in the United States.

105.    In addition to the elements of claim 4 discussed above, on information and belief, the 360 Grinder includes a plurality of third holes formed through said first and second surfaces, each of said plurality of third holes extending in circumferentially spaced relation to the others, whereby said plurality of third holes define a viewing window when the stump grinding wheel is rotated at a predetermined rate of speed, as shown below:





Viewing window

106.     Claim 6 of the '504 Patent recites:

The stump grinding wheel of claim 4, wherein

said means defining a viewing window comprise a plurality of holes formed
through said first and second surfaces, each of said third plurality of holes extending
in circumferentially spaced relation to the others.

107.     On information and belief, Defendants have directly infringed and are directly

infringing claim 6 of the '504 Patent by making, using, offering for sale, selling, and/or importing,

the 360 Grinder in this District and elsewhere in the United States.


108.     In addition to the elements of claim 1 discussed above, on information and belief,

the 360 Grinder includes a means defining a viewing window comprising a plurality of holes

formed through said first and second surfaces, each of said third plurality of holes extending in

circumferentially spaced relation to the others, as shown below:

03301495 v1

45



Third plurality of holes

1018 sq in.



Viewing window

109.    Claim 7 of the '504 Patent recites:

A method for grinding a stump using a stump grinding unit of the type that includes a stump grinding wheel mounted thereto for rotation about its central axis at predetermined rates of speed and includes a series of openings formed therethrough that extend in circumferentially spaced relation to each other around the wheel and

define a viewing window when the wheel is rotated at a predetermined speed, said method comprising the steps of:

a. causing said wheel to rotate about its central axis at a predetermined rate of speed;

b. sweeping said wheel in a back and forth motion across the stump; and

c. viewing the stump as it is being ground through the viewing window created by the series of circumferentially spaced holes.

110.    On information and belief, Defendants have directly infringed and are directly infringing claim 7 of the '504 Patent by making, using, offering for sale, selling, and/or importing, the 360 Grinder in this District and elsewhere in the United States.

111.    On information and belief, the Defendants have and continue to practice a method of using the 360 mounted to a stump grinding unit for rotation about its central axis at predetermined rates of speed and includes a series of openings formed therethrough that extend in circumferentially spaced relation to each other around the wheel and define a viewing window when the wheel is rotated at a predetermined speed, said method comprising the steps of: a. causing said wheel to rotate about its central axis at a predetermined rate of speed; b. sweeping said wheel in a back and forth motion across the stump; and c. viewing the stump as it is being ground through the viewing window created by the series of circumferentially spaced holes. The practice of this method can be seen at https://gostumper.com/stumper-360.



## COUNT TWO

## Indirect Infringement of U.S. Patent No. 6,550,504

112.    Plaintiff Leonardi incorporates by reference the allegations in paragraphs 1-111 as if fully set forth herein.

113.    On information and belief, in addition to directly infringing the '504 Patent, Defendants have and continue to indirectly infringe the '504 Patent, including at least claim 7 pursuant to 35 U.S.C. § 271(b) by instructing, directing and/or requiring others, including customers, purchasers, users and developers, to perform some of the steps of the method claim, either literally or under the doctrine of equivalents, of the '504 Patent, where all the steps of the method claim are performed by either Defendants or its customers, purchasers, users and developers, or some combination thereof. At least as of the time of the filing of this Complaint, Defendants knew or was willfully blind to the fact that it was inducing others, including customers,

purchasers, users and developers, to infringe by practicing, either themselves or in conjunction with Defendants, claim 7.

114.    Claim 7 of the '504 Patent recites:

A method for grinding a stump using a stump grinding unit of the type that includes a stump grinding wheel mounted thereto for rotation about its central axis at predetermined rates of speed and includes a series of openings formed therethrough that extend in circumferentially spaced relation to each other around the wheel and define a viewing window when the wheel is rotated at a predetermined speed, said method comprising the steps of:

a. causing said wheel to rotate about its central axis at a predetermined rate of speed;

b. sweeping said wheel in a back and forth motion across the stump; and

c. viewing the stump as it is being ground through the viewing window created by the series of circumferentially spaced holes.

115.    On information and belief, at least as of the time of this Complaint, Defendants have knowingly and actively aided and abetted the direct infringement of claim 7 of the '504 Patent by instructing and encouraging its customers, purchasers, users and developers to use the at least the Infringing Products, in this District and elsewhere in the United States. Such instructions and encouragement included, but are not limited to, advising third parties to use the Infringing Products in an infringing manner, providing a mechanism through which third parties may infringe the '504 Patent, and by advertising and promoting the use of the Infringing Products in an infringing manner, and distributing guidelines, instructions, and informational videos to third parties on how to use the Infringing Products in an infringing manner.

116.    There are no non-infringing uses of the Infringing Products.

117.    On information and belief, Defendants continues to update and maintain its website at https://gostumper.com and its Facebook page at https://www.facebook.com/gostumper/.

03301495 v1

**Infringing 220 Stump Grinding Technology**

118.    On information and belief, at least as of the time of this Complaint, Defendants have knowingly and actively aided and abetted the direct infringement of at least claim 7 of the '504 Patent by instructing and encouraging its customers, purchasers, users and developers to use the 220 Grinder, in this District and elsewhere in the United States. Such instructions and encouragement included, but are not limited to, advising third parties to use the 220 Grinder in an infringing manner, providing a mechanism through which third parties may infringe the '504 Patent, and by advertising and promoting the use of the 220 Grinder in an infringing manner, and distributing guidelines, instructions, and informational videos to third parties on how to use the 220 Grinder in an infringing manner.

119.    On information and belief, direct infringement of at least claim 7 of the '504 Patent has and continues to occur by customers, purchasers, users and developers using the 220 Grinder in this District and elsewhere in the United States. The Defendant's customers, purchasers, users and developers have and continue to practice a method of using the 220 Grinder mounted to a stump grinding unit for rotation about its central axis at predetermined rates of speed and includes a series of openings formed therethrough that extend in circumferentially spaced relation to each other around the wheel and define a viewing window when the wheel is rotated at a predetermined speed, said method comprising the steps of: a. causing said wheel to rotate about its central axis at a predetermined rate of speed; b. sweeping said wheel in a back and forth motion across the stump; and c. viewing the stump as it is being ground through the viewing window created by the series of circumferentially spaced holes. The use of the 220 Grinder can be implied by sales of the 220 Grinder and evidenced by customer reviews on the Defendant's website at https://gostumper.com an example of which is shown below:

03301495 v1



120.    On information and belief, the Defendants have and continue to instruct and encourage customers, purchasers, users and developers to practice the infringing method of using the 220 Grinder. Defendants demonstrates and encourages this infringing use at least by way of video which shows the 220 Grinder in use, which can be viewed on their website at https://gostumper.com/stumper-220. A screenshot of the video is shown below:



03301495 v1

**Infringing 240 Stump Grinding Technology**

121.    On information and belief, at least as of the time of this Complaint, Defendants have knowingly and actively aided and abetted the direct infringement of at least claim 7 of the '504 Patent by instructing and encouraging its customers, purchasers, users and developers to use the 240 Grinder, in this District and elsewhere in the United States. Such instructions and encouragement included, but are not limited to, advising third parties to use the 240 Grinder in an infringing manner, providing a mechanism through which third parties may infringe the '504 Patent, and by advertising and promoting the use of the 240 Grinder in an infringing manner, and distributing guidelines, instructions, and informational videos to third parties on how to use the 240 Grinder in an infringing manner.

122.    On information and belief, direct infringement of at least claim 7 of the '504 Patent has and continues to occur by customers, purchasers, users and developers using the 240 Grinder in this District and elsewhere in the United States. The Defendant's customers, purchasers, users and developers have and continue to practice a method of using the 240 Grinder mounted to a stump grinding unit for rotation about its central axis at predetermined rates of speed and includes a series of openings formed therethrough that extend in circumferentially spaced relation to each other around the wheel and define a viewing window when the wheel is rotated at a predetermined speed, said method comprising the steps of: a. causing said wheel to rotate about its central axis at a predetermined rate of speed; b. sweeping said wheel in a back and forth motion across the stump; and c. viewing the stump as it is being ground through the viewing window created by the series of circumferentially spaced holes. The use of the 240 Grinder can be implied by sales of the 240

03301495 v1

Grinder and evidenced by customer reviews on the Defendant's website at https://gostumper.com

an example of which is shown below:



123.    On information and belief, the Defendants have and continue to instruct and

encourage customers, purchasers, users and developers to practice the infringing method of using

the 240 Grinder. Defendants demonstrates and encourages this infringing use at least by way of

video which shows the 240 Grinder in use, which can be viewed on their website at

https://gostumper.com/stumper-240. A screenshot of the video is shown below:



03301495 v1

**Infringing 280 Stump Grinding Technology**

124.    On information and belief, at least as of the time of this Complaint, Defendants have knowingly and actively aided and abetted the direct infringement of at least claim 7 of the '504 Patent by instructing and encouraging its customers, purchasers, users and developers to use the 280 Grinder, in this District and elsewhere in the United States. Such instructions and encouragement included, but are not limited to, advising third parties to use the 280 Grinder in an infringing manner, providing a mechanism through which third parties may infringe the '504 Patent, and by advertising and promoting the use of the 280 Grinder in an infringing manner, and distributing guidelines, instructions, and informational videos to third parties on how to use the 280 Grinder in an infringing manner.

125.    On information and belief, direct infringement of at least claim 7 of the '504 Patent has and continues to occur by customers, purchasers, users and developers using the 280 Grinder in this District and elsewhere in the United States. The Defendant's customers, purchasers, users and developers have and continue to practice a method of using the 280 Grinder mounted to a stump grinding unit for rotation about its central axis at predetermined rates of speed and includes a series of openings formed therethrough that extend in circumferentially spaced relation to each other around the wheel and define a viewing window when the wheel is rotated at a predetermined speed, said method comprising the steps of: a. causing said wheel to rotate about its central axis at a predetermined rate of speed; b. sweeping said wheel in a back and forth motion across the stump; and c. viewing the stump as it is being ground through the viewing window created by the series of circumferentially spaced holes. The use of the 280 Grinder can be implied by sales of the 280 Grinder and evidenced by customer reviews on the Defendant's website at https://gostumper.com an example which is shown below:

03301495 v1



126.    On information and belief, the Defendants have and continue to instruct and encourage customers, purchasers, users and developers to practice the infringing method of using the 280 Grinder. Defendants demonstrates and encourages this infringing use at least by way of video which shows the 280 Grinder in use, which can be viewed on their website at https://gostumper.com/stumper-280. A screenshot of the video is shown below:



03301495 v1

55

**Infringing 360 Stump Grinding Technology**

127.    On information and belief, at least as of the time of this Complaint, Defendants have knowingly and actively aided and abetted the direct infringement of at least claim 7 of the '504 Patent by instructing and encouraging its customers, purchasers, users and developers to use the 360 Grinder, in this District and elsewhere in the United States. Such instructions and encouragement included, but are not limited to, advising third parties to use the 360 Grinder in an infringing manner, providing a mechanism through which third parties may infringe the '504 Patent, and by advertising and promoting the use of the 360 Grinder in an infringing manner, and distributing guidelines, instructions, and informational videos to third parties on how to use the 360 Grinder in an infringing manner.

128.    On information and belief, direct infringement of claim 7 of the '504 Patent has and continues to occur by customers, purchasers, users and developers using the 360 Grinder in this District and elsewhere in the United States. The Defendant's customers, purchasers, users and developers have and continue to practice a method of using the 360 Grinder mounted to a stump grinding unit for rotation about its central axis at predetermined rates of speed and includes a series of openings formed therethrough that extend in circumferentially spaced relation to each other around the wheel and define a viewing window when the wheel is rotated at a predetermined speed, said method comprising the steps of: a. causing said wheel to rotate about its central axis at a predetermined rate of speed; b. sweeping said wheel in a back and forth motion across the stump; and c. viewing the stump as it is being ground through the viewing window created by the series of circumferentially spaced holes. The use of the 360 Grinder can be implied by sales of the 360 Grinder and evidenced by customer reviews on the Defendant's website at https://gostumper.com

03301495 v1

an example which is shown below:



129.    On information and belief, the Defendants have and continue to instruct and encourage customers, purchasers, users and developers to practice the infringing method of using the 360 Grinder. Defendants instructs and encourages this infringing use at least by way of video which shows the 360 Grinder in use, which can be viewed on their website at https://gostumper.com/stumper-360.  A screenshot of the video is shown below:



03301495 v1

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff Leonardi respectfully requests that this Court grant the following

relief:

A.    A judgment that Defendants have infringed and are infringing the '504 Patent in

violation of 35 U.S.C. § 271(a), (b), and (c).

B.    A permanent injunction against Defendants and their affiliates, subsidiaries,

assigns, employees, officers, directors, attorneys, agents, and all those acting in

privity or concert with any of the foregoing persons or entities from infringing the

'504 Patent, including enjoining the making, offering for sale, selling, using, or

importing into the United States products claimed in any of the claims of the '504

Patent; using or performing methods claimed in any of the claims of the '504

Patent; inducing others to use and perform methods that infringe any claim of the

'504 Patent; or contributing to others using and performing methods that infringe

any claim of the '504 Patent, until the expiration of the '504 Patent.

C.    An award of damages adequate to compensate Plaintiff Leonardi for Defendant's

patent infringement, and an accounting to adequately compensate Plaintiff

Leonardi for the infringement, including, but not limited to, lost profits and/or a

reasonable royalty, pursuant to 35 U.S.C. § 284.

D.    Ordering that the damages award be increased up to three times the actual amount

assessed, pursuant to 35 U.S.C. § 284.

E.    An award of pre-judgment and post-judgment interest at the maximum rate allowed

by law.

F.    An order finding that this is an exceptional case and awarding Plaintiff Leonardi its

03301495 v1

58

costs, expenses, disbursements, and reasonable attorneys' fees related to Defendant's patent infringement under 35 U.S.C. § 285 and all other applicable statutes, rules and common law.

G.    Such other further relief, in law or equity, as this Court deems just and proper.

<div style="margin-left: 40%;">

Respectfully submitted,

*/s/ Michelle C. Harrell*
Michelle C. Harrell (P48768)
Maddin, Hauser, Roth & Heller, P.C.
28400 Northwestern Hwy, 2d Floor
Southfield, MI  48034
(248) 354-4030
mharrell@maddinhauser.com
*Attorneys for Plaintiff*

</div>

Dated: August 17, 2020


## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Leonardi hereby demands a jury trial on all issues triable before a jury.

<div style="margin-left: 40%;">

Respectfully submitted,

*/s/ Michelle C. Harrell*
Michelle C. Harrell (P48768)
Maddin, Hauser, Roth & Heller, P.C.
28400 Northwestern Hwy, 2d Floor
Southfield, MI  48034
(248) 354-4030
mharrell@maddinhauser.com
*Attorneys  for Plaintiff*

</div>

Dated:  August 17, 2020

03301495 v1